UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY GREEN,

        Petitioner,        Case Number: 5:01-cv-60057

v.        HONORABLE MARIANNE O. BATTANI

CAROL HOWES,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(d)(3)

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenged his convictions for assault with a dangerous weapon and two counts of first-degree criminal sexual conduct. The Court denied the petition on June 26, 2002. Petitioner filed a notice of appeal and a request for certificate of appealability. The Court denied a certificate of appealability. *See* Opinion and Order Denying Petitioner's Request for Certificate of Appealability and Request to Proceed on Appeal *In Forma Pauperis*, Aug. 12, 2002. Petitioner sought a certificate of appealability in the Sixth Circuit Court of Appeals, which was denied. *Green v. Howes*, No. 02-1918 (6th Cir. Jan. 24, 2003). Petitioner filed a second request for a certificate of appealability in the Court of Appeals, which was also denied. *Green v. Jones*, No. 06-1375 (6th Cir. Aug. 30, 2006). Now before the Court is Petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(d)(3).

Federal Rule of Civil Procedure 60(d)(3) provides that a judgment may be attacked for fraud on the court. Typically, motions for relief from judgment based upon an allegation of fraud are subject to a one-year limitations period. Fed. R. Civ. P. 60(b)(3) & (c). However, where a party alleges that a fraud was committed against the court, no limitations period exists. Fed. R. Civ. P. 60(d)(3) states: "This rule does not limit a court's power to . . . set aside a judgment for fraud on the court." "Fraud on the court consists of conduct: '1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.'" *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010), *quoting Carter v. Anderson*, 585 F.3d 1007, 1111 (6th Cir. 2009). Petitioner bears the burden of proving existence of fraud upon the court by clear and convincing evidence. *Id.*

Petitioner alleges that the Washtenaw County Prosecutor knowingly perpetrated a fraud upon the Michigan Supreme Court by filing an untimely application for leave to appeal from the Michigan Court of Appeals' decision reversing his convictions. The Michigan Supreme Court accepted the application for leave to appeal and remanded the matter to the Michigan Court of Appeals. By implication, Petitioner also argues that the Respondent in this matter perpetrated a fraud upon this Court by failing to disclose that the application for leave to appeal in the Michigan Supreme Court was not properly filed. Petitioner has presented no evidence, let alone clear and convincing evidence, that

2

intentionally false material was presented to the Michigan Supreme Court or to this Court or that any material fact was concealed. The Court finds that Petitioner has failed to demonstrate that a fraud was perpetrated upon the Court.

Accordingly, IT IS ORDERED that Petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(d)(3) is DENIED.

                                s/Marianne O. Battani
                                MARIANNE O. BATTANI
                                UNITED STATES DISTRICT JUDGE

Dated: September 16, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, via ordinary U.S. Mail and Counsel for the Respondent, electronically.

                                s/Bernadette M. Thebolt
                                Case Manager